UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>HECTOR BRISENO-MEDINA,<br><br>                    Defendant. | NO. 2:13-CR-0139-TOR-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE |

BEFORE THE COURT is Defendant's Request for Compassionate Release/Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] ECF Nos. 83, 86. This matter was submitted for consideration without oral argument. The

---

[1] For lack of jurisdiction, the Court will not address Defendant's civil claims for injunctive and declaratory relief. Nor will the Court address the relief requested pursuant to the CARES Act, ECF No. 83 at 2, as this Court is not the proper venue. *See* Pub. L. No. 116-136 § 12003(b)(2), 134 Stat. 281, 516 (to be codified at 18 U.S.C. § 3621).

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 1

Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendant's request for sentence reduction is denied.

## BACKGROUND

On January 6, 2014, Hector Briseno-Medina appeared before the Court and entered a plea of guilty to the Indictment filed on September 4, 2013, charging him with one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841; and one count of Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841. ECF Nos. 13, 35. On February 12, 2015, this Court sentenced Defendant to a 210-month term of imprisonment, followed by a 5-year term of supervised release. ECF No. 69. Defendant's projected release date is August 31, 2028. ECF No. 85 at 3.

On May 5, 2020, Defendant requested a sentence reduction from the Warden (Facility Administrator) of Correctional Institution (CI) Reeves I/II. ECF No. 85-1. The request was denied on May 13, 2020. *Id*. The Government concedes Defendant has exhausted his administrative remedies. ECF No. 85 at 7. On October 5, 2020, Defendant filed the instant request seeking his early release. ECF No. 83.

Defendant alleges three theories to support his motion for a sentence reduction: (1) his 210-month sentence is inconsistent with modern drug sentencing

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 2

fairness; (2) his age and medical conditions put him at greater risk of severe illness from COVID-19; and (3) his efforts at self-improvement have led to rehabilitation. ECF Nos. 83 at 17-28, 86 at 2-3.

The Government opposes release because Defendant has failed to establish any "extraordinary and compelling reasons" to support the requested relief, and the factors under 18 U.S.C. § 3553(a) weigh against early release. ECF No. 85 at 6.

## DISCUSSION

### A. Eligibility for Compassionate Release

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons or by waiting 30 days after receipt of their request by the warden of defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A) (2018).

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the

defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A). Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553 when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

### B. Exhaustion or Lapse of 30 days

The Facility Administrator denied Defendant's request for compassionate release on May 13, 2020. ECF No. 85-1. The Government concedes Defendant has exhausted his administrative remedies. ECF No. 85 at 7. Accordingly, the Court finds Defendant has exhausted his administrative remedies.

### C. Extraordinary and Compelling Reasons

Defendant first argues his 210-month sentence is inconsistent with modern drug sentencing fairness, and that such inconsistencies warrant "extraordinary and compelling reasons." ECF No. 83 at 17. Defendant also argues his medical

1 conditions present extraordinary and compelling reasons to justify early release. *Id*. at 21.  Finally, Defendant cites to his self-improvement and rehabilitation efforts to support his arguments.  ECF Nos. 83 at 20, 86 at 2-3.  None of these assertions present the type of extraordinary and compelling reasons that justify early release under the First Step Act.

The First Step Act did not define what "extraordinary and compelling reasons" warrant a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions.  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act.  U.S.S.G. § 1B1.13.  "While that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction."  *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a

sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

First, it is unclear upon which authority Defendant relies for his assertion that his sentence is "inconsistent with modern standards of fairness in drug sentencing." ECF No. 83 at 17. Regardless, Defendant's sentence was properly calculated by applying the relevant advisory guidelines to Defendant's offenses. *See* ECF No. 57. Defendant's 210-month sentence does not create an extraordinary and compelling reason for a sentence reduction.

Defendant next argues at age 38, he is "among those at high-risk for severe illness from COVID-19" due to his hypertension medical condition. ECF No. 83 at 21. Defendant does not provide any evidence to support his alleged medical condition. Conversely, the Government provided Defendant's Bureau of Prison health screens from 2019. ECF No. 85-2. Hypertension was specifically denied in

each screening and no other medical conditions were listed that would put Defendant at greater risk for severe illness. *Id*. Additionally, while Defendant provides some general data for COVID-19 cases in federal correctional facilities (ECF No. 83 at 5-6), Defendant has not alleged any conditions at CI Reeves I/II that would put him at greater risk of contracting COVID-19 or that would prevent him from receiving proper care if he did contract COVID-19.

Finally, while Defendant's efforts to improve himself through educational and social programming are commendable, they are not sufficient grounds to warrant a sentence reduction. Defendant has not presented any evidence of extraordinary and compelling reasons that would compel this Court to grant early release.

**D. Factors under 18 U.S.C. § 3553(a)**

18 U.S.C. § 3582(c) and the Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. 18 U.S.C. § 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
  (3) the kinds of sentences available;
  (4) the kinds of sentence and the sentencing range established for—
        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
            (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
            (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
        (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
  (5) any pertinent policy statement—
        (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
        (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
  (7) the need to provide restitution to any victims of the offense.

At the time of the original sentencing, the Court fully considered these factors. Once again, the Court has fully considered these factors in light of the developments since sentencing. Of particular note is the severity of the offenses in

ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE ~ 8

this case. The underlying criminal conduct involved possession of substantial quantities of methamphetamine, heroin, and cocaine, as well as possession of multiple firearms. These are serious crimes that present a grave risk of harm to the community. The Court is obligated to protect the public from defendant's dangerous conduct. Additionally, of concern to the Court is Defendant's significant and lengthy prior criminal history. At the time of sentencing, Defendant, aged 32, had already attained a Criminal History Category V for prior crimes involving violence, multiple deportations, and prior drug manufacturing. ECF No. 57 at 12-16.

The sentence the Court imposed was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense and to afford adequate deterrence to this criminal conduct. Even with recent COVID-19 developments, the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

**E. Equal Protection and Eighth Amendment Rights**

Defendant's allegations that his Equal Protection rights and Eighth Amendment rights have been violated are without merit. ECF No. 83 at 3, at 26. First, Defendant was not denied compassionate release by the Warden because of

Defendant's nationality, but because he does not meet three of the seven requirements for consideration. ECF No. 85-1. In any event, the Warden's decision is not the final decision, it is a decision for the Court. Here, Defendant does not present any "extraordinary and compelling reasons" for a reduced sentence.

Defendant's Eighth Amendment claim cannot stand because there are currently no positive cases of COVID-19 among inmates at CI Reeves I/II. *See* Federal Bureau of Prisons, Coronavirus COVID-19 Cases (November 13, 2020), https://www.bop.gov/coronavirus (follow "privately-managed prisons" hyperlink). The 12 inmates that did contract COVID-19 successfully recovered. Additionally, CI Reeves I/II has implemented policies and procedures to mitigate the risks of COVID-19. ECF No. 85-3. Consequently, Defendant fails to demonstrate conditions of confinement that would violate his Eighth Amendment rights.

## CONCLUSION

Defendant has not presented any evidence of extraordinary or compelling reasons to modify the sentence that has been imposed. The Court declines to exercise its discretion to reduce Defendant's sentence because extraordinary and compelling reasons do not warrant such a reduction.

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendant's Request for Compassionate Release/Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF Nos. 83, 86, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

**DATED** November 18, 2020.



THOMAS O. RICE
United States District Judge